SPENCER P. HUGRET (SBN 240424)
shugret@grsm.com
TIMOTHY A. HANNA (SBN 310620)
thanna@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 875-3193
Facsimile: (415) 986-8054

Attorneys for Defendant
FORD MOTOR COMPANY

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KORI A. WITTINGER and ALAN J. WITTINGER,<br><br>Plaintiffs,<br><br>vs.<br><br>FORD MOTOR COMPANY, a Delaware Corporation; D.O. NERONDE, INC., a California Corporation, dba AUBURN FORD; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.<br><br>**DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL**<br><br><br>Complaint Filed: November 14, 2018 |

## NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

**PLEASE TAKE NOTICE** that Defendant Ford Motor Company ("Ford"), by its counsel GORDON REES SCULLY MANSUKHANI LLP, hereby removes to this court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, based on diversity of citizenship, the claims pending as Case No. SCV0042126 of the Superior Court of California, County of Placer.  In support of this removal, Ford states as follows:

//

1
DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL

## I. THE REMOVED CASE

1. The removed case is a civil action commenced in the Superior Court of California, County of Placer by Plaintiffs KORI A. WITTINGER and ALAN J. WITTINGER against Ford, entitled *Kori A. Wittinger and Alan J. Wittinger v. Ford Motor Company, et al.*, Case No. SCV0042126 (the "State Action"). The two named Defendants are FORD MOTOR COMPANY ("Ford") and D.O. NERONDE, INC., a California Corporation, dba AUBURN FORD ("Auburn Ford")

2. Plaintiffs filed the State Action on November 14, 2018, asserting breach of warranty and fraudulent inducement claims against Ford. *See* Complaint.

## II. PROCEDURAL REQUIREMENTS

1. Generally, a defendant has thirty (30) days from the date of service of a copy of the Complaint to remove a case. 28 U.S.C. § 1446(b). Ford was served with a copy of the Complaint on November 15, 2018. The Complaint attached as an exhibit copy of the Retail Installment Sales Contract, from which counsel for Ford was able to ascertain the amount in controversy. (*See* Compl. *generally*.)

2. Pursuant to Fed. R. Civ. Pro. 6(a), a period of greater than 30 days since November 15, 2018 has not elapsed. Accordingly, this Notice of Removal is therefore timely filed.

3. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders for the State Action in Ford's possession are contained in **Exhibits A-C** filed herewith.

4. Pursuant to 28 U.S.C. § 1446(a), venue is proper in the Eastern District of California because this district embraces the place in which the removed action has been pending.

5. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Superior Court of California, County of Placer promptly after filing of same in this Court.

6. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same in this Court.

7. If any question arises as to the propriety of the removal of this action, Ford requests the opportunity to conduct discovery, brief any disputed issues and to present oral argument in favor of its position that this case is properly removable.

8. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Ford's right to assert defenses including, without limitation, the defenses of (i) lack of jurisdiction over person, (ii) improper venue and/or *forum non conveniens*, (iii) insufficiency of process, (iv) insufficiency of service of process, (v) improper joinder of claims and/or parties, (vi) failure to state a claim, (vii) failure to join indispensable party(ies), or (viii) any other procedural or substantive defense available under state or federal law.

### III. THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET

9. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

10. The removing party's initial burden is to "file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014)). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a)" which requires only that the grounds for removal be stated in a "short and plain statement." *Dart*, 135 S. Ct. at 553.

11. Generally, a federal district court will first "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (internal citation omitted). But a defendant may remove a suit to federal court notwithstanding the failure of the plaintiffs to plead the required amount. Absent the facial showing from the complaint, the court may consider facts averred in the removal petition. *Id.* Next, if the defendant's allegation(s) regarding the amount in controversy is challenged, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Ibarra*, 775 F.3d at 1195. At that time, "it may be appropriate to allow discovery relevant to [the] jurisdictional amount prior to remanding." *Abrego*, 443 F.3d at 691 (internal citation omitted).

12. Ford disputes that it is liable for any damages whatsoever to Plaintiffs. Nevertheless, Ford can demonstrate that the amount in controversy exceeds $75,000 under the "preponderance of the evidence" standard. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). The standard requires only that the removing party present evidence that "it is more likely than not" that the amount in controversy is satisfied. *Id.*

13. In the case at bar, the Plaintiffs seek both monetary and injunctive relief. This is a products liability case. Plaintiffs allege breach of express and implied warranties under the Song-Beverly Consumer Warranty Act (Cal. Civ. Code § 1790 *et seq.*), and fraudulent inducement. (Compl. ¶¶ 75-129).

14. Plaintiffs allege that on April 23, 2018, they purchased a new 2006 Ford F-350 Super Duty, and that the 6.0L Engine ("6.0L Engine") is defective because it has "the Vehicle's check engine light illuminated and the Vehicle experienced numerous oil leaks" among other alleged problems. (Compl. ¶ 57.). Plaintiffs allege they took their vehicle in for engine-related repairs on multiple occasions and further allege the vehicle could not be conformed to the warranty.

(Compl. ¶ 59-62.).

15. The purchase price of the Plaintiffs' Ford F-350 Super Duty was $29,902.47, plus a $19,376.51 total down payment, plus finance charges.[1] (*See* Exhibit 1, attached to the Compl.)

16. Plaintiffs allege they are entitled to relief under the Song-Beverly Act including: attorney's fees, restitution, reimbursement of the price paid for the vehicle, costs, expenses, all incidental, consequential, and general damages, as well as a civil penalty of up to two times the amount of actual damages. (Compl. ¶¶ 231-233.). Furthermore, Plaintiffs seek punitive damages. (*Id*. Prayer for Relief, p. 44:3, at "8".)

17. The amount in controversy calculation includes punitive damages. *Gibson v. Chrysler Corp*., 261 F.3d 927, 945 (9th Cir. 2001). Civil penalties under the Song-Beverly Act are also properly included in the calculation. *Brady v. Mercedes-Benz USA, Inc*., 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002). The amount in controversy also includes reasonable estimates of attorney's fees. *Id*. at 1011; *Guglielmino v. McKee Foods Corp*., 506 F.3d 696, 700 (9th Cir. 2007); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).

18. The Song-Beverly Act allows for the recovery of attorney's fees, which regularly exceed $100,000. (Declaration of Spencer Hugret ("Hugret Decl."), ¶¶ 5-6, filed concurrently herewith).

19. If Plaintiffs were to prevail on their Song-Beverly claims, they could be awarded damages of $75,000.00 or more if awarded statutory civil penalties and attorneys fees. Even before taking punitive damages into account, the purchase price of $49,278.98 (amount financed plus total down payment) plus $98,557.96 as a 2X civil penalty pursuant to the Song-Beverly Act, totals $147,836.94. (Hugret

---

[1] The calculation of vehicle price is made by adding the "Total Down Payment" and "Amount Financed," as represented in the Plaintiff's Sale Contract. (*See* Hanna Decl.)

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Decl. ¶¶ 5-6, filed concurrently herewith; Hanna Decl. ¶ 7.) Adding these awards to reasonable attorney fees which a party is entitled to under the Song-Beverly Act, which can be reasonably considered to be $35,000.00, it is more likely than not that the amount in controversy exceeds $75,000. (Hugret Decl., ¶¶ 5-6, filed concurrently herewith).

20. Thus, the total amount in controversy therefore exceeds $75,000.00. The amount in controversy is satisfied. (Hugret Decl., ¶¶ 5-6; Cal. Civ. Code § 1793.2(d)(2)(B)-(C); § 1794(c)).

## IV.   DIVERSITY OF CITIZENSHIP EXISTS

21. Plaintiffs are, and was at the time of filing of the Complaint, a citizen and resident of California. (Compl. ¶ 3 (establishing that Plaintiffs reside in California); *Ervin v. Ballard Marine Constr., Inc.* (N.D.Cal. Aug. 11, 2016, No. 16-cv-02931-WHO) 2016 U.S.Dist.LEXIS 106507, at *8 [internal citations omitted] (Plaintiff's complaint stated only that he was a resident of Oregon, it made no statement as to Plaintiff's citizenship. The Court found that for diversity purposes Plaintiff is a citizen of the state in which they reside in the absence of evidence to the contrary.)).

22. Ford is, and was at the time Plaintiffs commenced this action, a corporation organized under the laws of the State of Delaware with its principal place of business in Michigan. This Court can take judicial notice of these facts. *See* Excerpt from Ford's 2017 Form 10-K filing, Exhibit A to Hanna Decl.; *see also* Fed. R. Evid. 201(b)(2) (courts may judicially notice facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

### A.   Defendant Auburn Ford and Fraudulent Joinder

23. As indicated, Auburn Ford, is a California corporation. Defendant contends that Plaintiffs fraudulently joined Auburn Ford in this products liability

and fraud case for no reason other than to defeat diversity jurisdiction and prevent removal of the action to federal court.  See *In re Briscoe*, 448 F. 3d 201, 217 (3d Cir. 2006) ("[fraudulent joinder exists where] there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment.").  Here, Plaintiffs have sued Auburn Ford for only "Violation of the Song-Beverly Act- Breach of Express Warranty" and "Violation of the Song-Beverly Act- Breach of Implied Warranty," the first and second causes of action of the Complaint – which again, is a products liability and fraud case against Ford. Ford believes Plaintiff has no intention of prosecuting these claims against Auburn Ford. Indeed, a review of the Complaint's allegations regarding Auburn Ford are bare-boned, non-specific allegations.  (Compl. at ¶¶ 258-262.) Accordingly, it is evident these claims were only brought to defeat the claim of diversity and removal to Federal Court.  Indeed, Ford's counsel's vast litigation experience in opposing automotive product liability cases (and in particular matters filed by Mr. Mikhov's firm), has been that individual Ford dealerships have not been regularly sued. (*Id.*) Because Plaintiff's joinder of Auburn Ford is fraudulent, this Court has the jurisdiction to accept this matter, as absent Auburn Ford, complete diversity exists for purposes of 28 U.S.C. §1332 jurisdiction.

//
//
//
//
//
//
//
//
//

## V. **CONCLUSION**

27. Consequently, the State Action may be removed to this Court by Ford in accordance with the provisions of 28 U.S.C. § 1441 because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Eastern District of California, (ii) the action is between citizens of different states, and (iii) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

Dated: December 17, 2018            Respectfully submitted,

/s/ *Spencer P. Hugret*
SPENCER P. HUGRET (SBN 240424)
Email: shugret@grsm.com
TIMOTHY A. HANNA (SBN 310620)
thanna@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

*Attorneys for Defendant*
FORD MOTOR COMPANY