UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| KORI A. WITTINGER, and ALAN J. WITTINGER,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY, a Delaware Corporation; D.O. NERONDE, INC. a California Corporation dba Auburn Ford; and DOES 1 through 10, inclusive,<br><br>Defendants. | No. 2:18-cv-03214 WBS EFB<br><br>MEMORANDUM AND ORDER RE: MOTION TO REMAND |

----oo0oo----

In November 2018, Plaintiffs Kori A. Wittinger and Alan J. Wittinger brought this action in the Superior Court of California, County of Placer, asserting various state law claims arising out of their 2006 purchase of a Ford-brand "Super Duty" truck with an allegedly defective 6.0-liter diesel engine. (Compl. (Docket No. 1-1).) Defendant Ford removed the case on

1

December 17, 2018.  (Docket No. 1.)  Presently before the court is plaintiffs' Motion to Remand.  (Docket No. 12.)  Defendant Ford Motor Company does not oppose the motion but opposes plaintiffs' request for attorneys' fees.  (Docket No. 16.)

I. Factual and Procedural Background

On April 23, 2005, plaintiffs purchased a new 2006 Ford-brand F-350 Super Duty vehicle ("the subject vehicle") from an authorized Ford dealership in Placer County.  (Compl. ¶ 9.) The vehicle was equipped with a 6.0-liter diesel engine.  (Id. ¶ 2.)  Plaintiffs allege that "[a]t all times relevant to this action, Ford was aware of severe and pervasive defects in the 6.0-liter diesel engine."  (Id. ¶ 17.)  Despite Ford's knowledge of the engine's "severe and pervasive" defects, plaintiffs allege, Ford promoted it as a reliable, high-quality product that did not suffer from any inherent defects.  (Id. ¶ 33.) Plaintiffs claim that they made their purchase of the subject vehicle in reliance on both defendant Ford's public statements about the 2006 Ford F-350's 6.0-liter engine, and the statements of the Ford dealership's sales personnel.  (Id. ¶¶ 50 & 53.)

After purchasing the subject vehicle, plaintiffs experienced repeated problems with its engine.  (Id. ¶ 57.) Plaintiffs brought the subject vehicle to defendant Auburn Ford for repairs.  (Id. ¶ 259.)  Plaintiffs allege that defendant Auburn Ford owed them a duty of ordinary care and breached that duty in its handling of the subject vehicle.  (Id. ¶¶ 260-61.) Plaintiffs further allege that defendant Auburn Ford's negligence was a proximate cause of their damages.  (Id. ¶¶ 262.)

II. Legal Standard

1  "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district . . . where such action is pending." 28 U.S.C. § 1441(a). However, if "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

On a motion to remand, the defendant has the burden of showing by a preponderance of the evidence that federal jurisdiction is appropriate. See Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1106-07 (9th Cir. 2010). Federal courts have original jurisdiction over cases where complete diversity exists between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). To satisfy the requirements for complete diversity, "each of the plaintiffs must be a citizen of a different state than each of the defendants." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) (citing Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)). However, a non-diverse defendant may be disregarded for purposes of determining diversity if that defendant was fraudulently joined. Hamilton Materials Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007).

III. Discussion

    A. Fraudulent Joinder and Remand

From the face of plaintiffs' complaint, it appears that complete diversity of citizenship does not exist between all parties: defendant Auburn Ford and plaintiffs are all citizens of California. (Compl. ¶¶ 3 & 5.) In its Notice of Removal,

however, defendant Ford argues that defendant Auburn Ford was fraudulently joined "for no reason other than to defeat diversity jurisdiction and prevent removal of the action to federal court." (Notice of Removal at 7 (Docket No. 1).) It supports this argument with the claim that the complaint's allegations regarding Auburn Ford are "bare-boned, non-specific allegations."[1] (Id.)

A plaintiff has fraudulently joined a defendant when the "plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). There is a general presumption against a finding of fraudulent joinder, and the removing party must prove by clear and convincing evidence that joinder was fraudulent. Hamilton Materials Inc., 494 F.3d at 1206. If there is a "non-fanciful possibility that the plaintiffs can state a claim against the non-diverse defendant, the [district] court must remand." Vu v. Ortho-McNeill Pharm., Inc., 602 F.Supp.2d 1151, 1154 (N.D. Cal. 2009)(quoting Macey v. Allstate Prop. & Cas. Ins. Co., 220 F.Supp.2d 1116, 1118 (N.D. Cal.2002)).

Plaintiffs' claim against resident defendant Auburn Ford is for negligent repair. (See Compl. ¶¶ 258-262.) The

---

[1] In support of its fraudulent joinder argument, defendant Ford also states that it "believes Plaintiff [sic] has no intention of prosecuting these claims against Auburn Ford." (Id. at 7.) This speculation is, however, beside the point: regardless of plaintiffs' intent, if there is any possibility that plaintiffs could establish liability against Auburn Ford, joinder is not fraudulent. See Verduzco v. Ford Motor Co., No. 1:13-CV-01437 LJO BA, 2013 WL 5739094, at *8 (E.D. Cal. Oct. 22, 2013), adopted by No. 1:13-CV-01437 LJO BA, 2013 WL 6053833 (E.D. Cal. Nov. 15, 2013).

4

elements of negligence are duty, breach, causation, and damages. Peredia v. HR Mobile Servs., Inc., 25 Cal. App. 5th 680, 687 (5th Dist. 2018). The complaint alleges that plaintiffs took the subject vehicle to defendant Auburn Ford for repairs (Compl. ¶ 73); that Auburn Ford represented to plaintiffs that the subject vehicle was repaired (id.); that Auburn Ford was, in fact, negligent in repairing the subject vehicle (id. ¶ 261); and that, as a result, plaintiffs suffered damages (id. ¶ 262).

In determining whether Auburn Ford was fraudulently joined, the relevant inquiry is whether there is a "non-fanciful possibility that the plaintiffs can state a claim against the non-diverse defendant." Vu, 602 F.Supp.2d at 1154. "California law is not so settled that a plaintiff could not possibly recover against a dealership for negligent repair of a vehicle," Lytle v. Ford Motor Co., No. 2:18-CV-1628 WBS EFB, 2018 WL 4793800, at *2 (E.D. Cal. Oct. 2, 2018). Given this, and the fact that the complaint's allegations clearly track the elements of a negligent repair claim that would be cognizable under California law, the court finds that there is a far from fanciful possibility that plaintiffs could state a claim for negligent repair against Auburn Ford. Accordingly, defendant Auburn Ford was not fraudulently joined, complete diversity is lacking, and the court must remand this matter.

B. Costs and Attorneys' Fees

If a case is improperly removed, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). An award of attorneys' fees may

5

be appropriate where removal has been "sought for the purpose of prolonging litigation and imposing costs on the opposing party," and "the standard for awarding fees should turn on the reasonableness of the removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 140-41 (2005).

Joinder is fraudulent only where plaintiff could not possibly state a claim against a given defendant. See Grancare, LLC v. Thrower by and through Mills, 889 F.3d 543, 548-550 (9th Cir. 2018). Given this standard, defendant Ford's argument that Auburn Ford was fraudulently joined was objectively unreasonable. Defendant Ford did not even argue that plaintiff could not recover from Auburn Ford under any legal theory.[2] The facts and circumstances of this case thus militate strongly in favor of requiring defendant Ford to compensate plaintiffs for the costs and expenses they incurred as a result of the removal. See Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1105 n.6 (9th Cir. 2000) (holding that an award of attorneys' fees is appropriate where removal was based on an incorrect understanding of law).

The court has reviewed plaintiffs' requested attorneys' fees and expenses and finds them to be reasonable.

IT IS THEREFORE ORDERED that plaintiffs' Motion to Remand (Docket No. 12.) be, and the same hereby is, GRANTED. This case is hereby remanded to the Superior Court of the State of California, in and for the County of Placer.

---

[2] The court is not unmindful of the fact that Ford has repeatedly attempted unsuccessfully to remove cases to federal court on fraudulent joinder grounds. See, e.g., Lytle, WL 4793800, at *4; Tasch v. Ford Motor Co., No. CV 18-380-R, 2018 WL 3956493 (C.D. Cal. Aug. 16, 2018).

AND IT IS FURTHER ORDERED that plaintiffs' request for
attorneys' fees and expenses is GRANTED in the sum of $1,300.00.[3]

Dated:  May 3, 2019

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[3] Defendant Ford Motor Company's Motion for Judgment on the Pleadings (Docket No. 8) is denied as moot.